# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**ELIZABETH SIBLEY ENGLISH**                                                      **PLAINTIFF**

v.                                                       CIVIL ACTION NO.  1:14-cv-311-JCG

**CAROLYN W. COLVIN,**
**Commissioner of Social Security**                                               **DEFENDANT**

## MEMORANDUM OPINION AND ORDER GRANTING
## COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT

Pursuant to 42 U.S.C. § 405(g), Plaintiff Elizabeth Sibley English seeks judicial review of the decision of the Commissioner of the Social Security denying her claim for benefits under Titles II and XVI of the Social Security Act. Plaintiff has filed a Motion requesting a hearing. (ECF No. 17). The Commissioner has filed a Motion to Dismiss or for Summary Judgment, asserting that this action is barred by the sixty-day statute of limitations provided in 42 U.S.C. §405(g). (ECF No. 18). In response, Plaintiff admits that her Complaint was untimely filed but urges that equitable tolling should be applied. Because the circumstances do not warrant equitable tolling, summary judgment should be rendered in favor of the Commissioner.

## I.   BACKGROUND

On June 15, 2011, Plaintiff filed a claim for benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, which pays benefits to disabled persons who have contributed to the program and who suffer from a mental or physical disability. Plaintiff also asserted a claim under the Supplemental Security Income

Program, established by Title XVI of the Act, 42 U.S.C. § 1381, which provides benefits to indigent disabled persons.

Plaintiff's application for benefits was denied initially and on reconsideration. Plaintiff appealed the denial, and after a hearing, an administrative law judge (ALJ) issued a decision on May 17, 2013, finding that Plaintiff was not entitled to disability insurance benefits or supplemental security income benefits. (ECF No. 18-1, at 5-17). The Appeals Council denied Plaintiff's request for review on April 25, 2014, thereby rendering the ALJ's decision the final decision of the Commissioner. *Id.*

On May 6, 2014, Plaintiff requested a sixty-day extension of time to file a civil action. (ECF No. 18-1, at 28). The Appeals Council granted her request in part in a May 27, 2014, letter that stated:

> The Appeals Council now extends the time within which you may file a civil action (ask for court review) for 30 days from the date you receive this letter. We assume that you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

(ECF No. 18-1) at 31.

Plaintiff, proceeding *pro se,* filed her Complaint in this Court on August 11, 2014.

## II.  DISCUSSION

Section 205(g) provides:

> Any individual, after final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain

> a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).

The reasoning underlying a statute of limitations is "that the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Bowen v. City of New York,* 476 U.S. 467, 481 n. 13 (1986). "[T]he statute of limitations embodied in § 405(g) is a mechanism by which Congress [is] able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Id.* "[T]he limitation serves both the interest of the claimant and the interest of the Government." *Id.*

Without an extension, Plaintiff's deadline for filing a civil action would have been July 1, 2014 – sixty days from the Appeals Council's April 25, 2014, letter denying review, plus five days for presumptive receipt of mail. *See* 20 C.F.R. § 404.901. Because the Appeals Council granted Plaintiff an additional thirty days to file a civil suit, Plaintiff's Complaint was due ninety days from the Appeals Council's April 25, 2014, letter denying review, plus five days for presumptive receipt of mail — or, on July 29, 2014. Plaintiff did not file this civil suit until August 11, 2014, which is thirteen days late. Even if it is assumed that due to the extension letter, Plaintiff received an additional five days for presumptive receipt of mail, her Complaint would still have been filed late.

Plaintiff maintains that the Court should apply equitable tolling. Equitable

tolling may extend the limitations period of 42 U.S.C. § 405(g) in rare cases where "the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Bowen,* 476 U.S. at 480 (quoting *Mathews v. Eldridge,* 424 U.S. 319, 330 (1976)):

> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights. Because the time limits imposed by Congress in a suit against the Government involve a waiver of sovereign immunity, it is evidenct that no more favorable tolling doctrine may be employed against the Government than is employed in suits between private litigants. . . . [T]he principles of equitable tolling do not extend to what is best a garden variety claim of excusable neglect.

*Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990).

The Appeals Council clearly informed Plaintiff of the time requirements for filing a civil action well in advance of Plaintiff's deadline for filing a civil action. Plaintiff was told how and where to file the action. Plaintiff bears the responsibility to review documents sent to her from the Appeals Council and to comply with their requirements. *Malone v. Colvin,* No. 3:14-cv-132-SAA, 2015 WL 475953, *3 (N.D. Miss. Feb. 5, 2015).

Though Plaintiff relies on *Bowen,* in *Bowen,* the plaintiffs were able to establish that equitable tolling was justified due to an internal policy of the Social

Security Administration that was found to be contrary to law. *Bowen,* 476 U.S. at 473-78. Unlike the plaintiffs in *Bowen,* Plaintiff has neither alleged nor submitted proof of impropriety on the part of the Commissioner. Plaintiff does not allege that the Commissioner misled her or failed to follow regulations.

Plaintiff has not demonstrated that she has actively pursued her judicial remedies. Plaintiff was allowed an extended amount of time to file suit, yet did not meet that extended deadline. Plaintiff claims that she requested a second extension by letter, but the letter was not responded to by the Appeals Council. Plaintiff has submitted a letter requesting a second extension of time that she maintains she mailed on July 18, 2014, but has offered no evidence, such as a certified mail receipt, demonstrating that the letter was actually mailed or delivered. The letter states that it was mailed via regular mail.

The Commissioner has provided a Declaration from a claims processor that provides: "The Appeals Council has no record of receipt of Plaintiff's letter, dated July 17, 2014, and sent via regular mail on July 18, 2014 (Docket No. 20-4), requesting additional time to file her appeal in Civil Court." (ECF No. 21-1).

The salient and indisputable fact is that the Commissioner never granted a second extension of time to Plaintiff. Plaintiff should not have assumed that she would be allowed a second extension. This is particularly so where Plaintiff's initial request for an extension of time was only granted in part. Plaintiff initially requested a sixty-day extension from the Appeals Council but was only allowed a thirty-day extension.

Plaintiff was fully notified of her right to file an appeal, the deadline for doing so, and the fact that it was solely within the discretion of the Appeals Council to allow a civil action to be filed beyond the sixty-day limitations period. Plaintiff's excuse for not timely filing her Complaint is "at best a garden variety claim of excusable neglect," to which the principles of equitable tolling do not extend. *Irwin*, 498 U.S. at 458; *see Buck v. Comm'r of Soc. Sec.*, No. 3:13-cv-599-TSL-JCG, 2015 WL 9806796, *2 (S.D. Miss. Dec. 21, 2015). Accordingly, there are no genuine issues of material fact, and the Commissioner is entitled to entry of judgment in her favor.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff's Motion requesting a hearing (ECF No. 17) is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment (ECF No. 18) is **GRANTED** and the decision of the Commissioner **AFFIRMED**.

**SO ORDERED AND ADJUDGED**, this the 4th day of August, 2016.

/s/ *John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE